UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br>Scott W. Charmoli and<br>Lynne M. Charmoli,<br>Debtors. | Case No. 22-24358-gmh<br>Chapter 11 (Subchapter V) |
| Major Dental Partners, LLC, *et al.*,<br>Plaintiffs,<br><br>v.<br><br>Scott W. Charmoli,<br>Defendant. | Adv. No. 23-2001-gmh |

ANSWER AND AFFIRMATIVE DEFENSES

Scott W. Charmoli, by and through his counsel, Steinhilber Swanson LLP, responds to the Plaintiffs' Complaint Objecting to Dischargeability of Debts Owed to Plaintiffs Pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B) and (a)(6) as follows:

## **NATURE OF ACTION***

1. Plaintiffs seek a determination that debt owed by the Debtor to Plaintiffs is nondischargeable because the Debtor received money from Plaintiffs: (i) through false pretenses, false representations and actual fraud; and (ii) by using materially false written statements. The debt is also nondischargeable because the Debtor caused willful and malicious injury to Plaintiffs.

**ANSWER**: Mr. Charmoli admits that the Plaintiffs seek a determination that a purported debt owed by the Debtor to Plaintiffs is nondischargeable. Mr. Charmoli denies the remaining allegations contained in paragraph 1. Mr. Charmoli affirmatively denies that he owes the

* Mr. Charmoli reproduces the Plaintiffs' headings as they appear in the complaint solely for organizational purposes. The inclusion of the Plaintiffs' headings does not constitute an admission of any allegations contained therein. To the extent that any heading is treated as containing factual allegations to which an answer or response is required, Mr. Charmoli denies those allegations.

Plaintiffs any debt and alleges that the Plaintiffs are instead indebted to him and Jackson Family Dentistry, LLC.

2. The parties entered into a series of agreements in connection with the sale of the Debtor's dental practice (the "Practice"). The purchase price for the sale was based on a review of the Practice's financial information, valuation of real estate, and representations made by the Debtor. As part of the sale, Charmoli was allowed to stay on as an employee of the Practice.

**ANSWER**: Mr. Charmoli admits that he, Jackson Family Dentistry, LLC, and Major Dental Partners, LLC, entered into an Asset Purchase Agreement which provided for the sale of substantially all of Jackson Family Dentistry, LLC's assets to Major Dental Partners, LLC. Mr. Charmoli further admits that: (1) Major Dental Partners, LLC executed a Secured Note Payable to Jackson Family Dentistry, LLC; (2) Pako Major executed a Guaranty Agreement in favor of Jackson Family Dentistry, LLC; (3) Major Dental Partners, LLC executed a Security Agreement in favor of Jackson Family Dentistry, LLC; and (4) Mr. Charmoli executed an Associate Dentist Employment Agreement with Jackson Family Dental, LLC. Mr. Charmoli further admits that following the sale transaction and at the request of Mr. Major, he continued to practice dentistry as an employee of Jackson Family Dental, LLC pursuant to the Associate Dentist Employment Agreement. Mr. Charmoli denies the remaining allegations contained in paragraph 2.

3. After the Debtor left the Practice, Plaintiffs discovered that the Debtor was purposely damaging his patients' teeth in order to charge them and their insurers for unnecessary crowns. Plaintiffs reported the Debtor to the authorities, as required by Wisconsin law. The Debtor was indicted on ten felony offenses and ultimately convicted of seven felonies arising from his scheme to injure and defraud patients and their insurers.

**ANSWER**: Mr. Charmoli admits that after he voluntarily terminated his employment with Jackson Family Dental, LLC, the Plaintiffs reported him to investigative agencies. Mr. Charmoli further admits that on December 15, 2020, he was indicted on eight counts of health care fraud and two counts of making false statements relating to health care matters. Mr. Charmoli further admits that he was convicted on five counts of health care fraud and two counts

of making false statements relating to health care matters and not guilty of two counts of making false statements relating to health care matters, and that one count was dismissed before trial. Mr. Charmoli denies the remaining allegations contained in paragraph 3.

4. The Plaintiffs would not have entered into the transaction for the purchase of the Debtor's dental practice but for the willful and malicious acts of the Debtor. The Plaintiffs seek a finding that the debt owed by the Debtor to Plaintiffs is nondischargeable pursuant to sections 523(a)(2)(A), (a)(2)(B), and (a)(6) of the Bankruptcy Code.

**ANSWER**: Mr. Charmoli admits that the Plaintiffs seek a finding that the purported debt owed by him to Plaintiffs is nondischargeable pursuant to sections 523(a)(2)(A), (a)(2)(B), and (a)(6) of the Bankruptcy Code. Mr. Charmoli denies that he committed any willful or malicious acts. Mr. Charmoli lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4, and therefore denies them.

## PARTIES

5. Plaintiff Dr. Pako Major is an adult resident of the State of Wisconsin, whose address is 1380 E. Winkler Lane, Fox Point, WI 53217.

**ANSWER**: Mr. Charmoli admits the allegations contained in paragraph 5.

6. Plaintiff Major Dental Partners, LLC is a Wisconsin limited liability company with its principal place of business located at N168W20060 Main St., Jackson, WI 53037.

**ANSWER**: Mr. Charmoli admits the allegations contained in paragraph 6.

7. Defendant Scott Charmoli is a resident of Wisconsin, whose address is 565 Cottonwood Lane, Grafton, WI 53024. On October 3, 2022, Scott Charmoli and his wife, Lynne Charmoli, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Eastern District of Wisconsin, Case Number 22-24358-gmh (the "Bankruptcy Case").

**ANSWER**: Mr. Charmoli admits the allegations contained in paragraph 7.

## JURISDICTION AND VENUE

8. This adversary proceeding is brought in accordance with Rule 7001(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**ANSWER**: The allegations in paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, Mr. Charmoli admits that this proceeding is an adversary proceeding as described in Fed. R. Bankr. P. 7004(4).

9. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

**ANSWER**: The allegations in paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Mr. Charmoli admits that this Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

10. Venue in this adversary proceeding is proper in this District pursuant to 28 U.S.C. § 1409.

**ANSWER**: The allegations in paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, Mr. Charmoli admits that this proceeding was properly commenced in the United States Bankruptcy Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1409.

11. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**ANSWER**: The allegations in paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, Mr. Charmoli admits that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). In accordance with Fed. R. Bankr. P. 7012(b) and Local Rule 7012, Mr. Charmoli consents to entry of final orders or judgment by this Court.

## FACTUAL BACKGROUND

12. In December 2018, Debtor reached an agreement to sell his dental practice located at N6168 W20060 Main St., Jackson, WI 53037.

**ANSWER**: Mr. Charmoli admits that he operated a dental practice under the name "Jackson Family Dentistry, LLC" and that in late 2018, he reached an agreement to sell substantially all of Jackson Family Dentistry, LLC's assets to Major Dental Partners, LLC. Mr.

Charmoli further admits that his practice was located at N168W20060 Main Street in Jackson, Wisconsin. Mr. Charmoli denies the remaining allegations contained in paragraph 12.

13. When Plaintiffs agreed to purchase the practice for $2,300,000.00, they did so based entirely on a review of the Practice's financial information, a valuation of the real estate, and representations made by Debtor, who failed to disclose his fraudulent scheme.

**ANSWER**: Mr. Charmoli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore denies them.

14. The deal closed on January 4, 2019, with Plaintiffs paying Debtor $1,250,000.00 in cash, and the parties executing a promissory note wherein Plaintiffs would pay the remaining balance of $1,050,000.00.

**ANSWER**: Mr. Charmoli admits that on January 4, 2019, Jackson Family Dentistry, LLC sold substantially all of its assets to Major Dental Partners, LLC. Mr. Charmoli further admits that Major Dental Partners, LLC paid $1,250,000.00 in cash at closing, and that Major Dental Partners, LLC executed a promissory note under which it agreed to pay the remaining $1,050,000.00 balance to Jackson Family Dentistry, LLC. Mr. Charmoli denies the remaining allegations contained in paragraph 14.

15. As part of the purchase agreement, Debtor was allowed to stay on as an employee of the Practice.

**ANSWER**: Mr. Charmoli admits that he signed an Associate Dentist Employment Agreement to remain an employee of Jackson Family Dental, LLC. Mr. Charmoli denies any insinuation that he was "allowed" to stay on as an employee and denies the remaining allegations contained in paragraph 15.

16. Shortly after Debtor left the Practice in September 2019, Plaintiff Dr. Major discovered that Debtor had, over a multi-year period, repeatedly performed unnecessary procedures on his patients, had broken their teeth without their consent, and had swindled numerous healthcare benefit programs.

**ANSWER**: Mr. Charmoli denies the allegations contained in paragraph 16.

17. Debtor did not disclose any portion of his fraudulent scheme to Plaintiff Dr.

Major.

**ANSWER**: Mr. Charmoli denies the allegations contained in paragraph 17.

18. Plaintiff Dr. Major recognizing his ethical and legal obligations, immediately sought to disclose the conduct because it was harmful to the safety and welfare of patients and assisted in the ensuing investigation.

**ANSWER**: Mr. Charmoli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and therefore denies them.

19. Plaintiff reported what he had discovered regarding Debtor's pattern of aggravated battery and insurance fraud to the United States Department of Justice (USDOJ) and the Wisconsin Department of Safety and Professional Services (DSPS).

**ANSWER**: Mr. Charmoli admits that the Plaintiffs made certain allegations to the United States Department of Justice and the Wisconsin Department of Safety and Professional Services. Mr. Charmoli denies the remaining allegations contained in paragraph 19.

20. Both agencies initiated investigations of Debtor's conduct, and Debtor was under a federal criminal investigation for over a year prior to being indicted.

**ANSWER**: Mr. Charmoli admits that the United States Department of Justice and the Wisconsin Department of Safety and Professional Services investigated certain allegations against him. Mr. Charmoli further admits that the United States Department of Justice investigated him for over one year prior to his indictment. Mr. Charmoli denies the remaining allegations contained in paragraph 20.

21. As a result, Plaintiff Dr. Major took time away from the Practice and providing care to patients, as he was required by DOJ to assist in the federal criminal investigation and affirmatively act in the interests of hundreds, if not thousands of patients victimized by Debtor's scheme.

**ANSWER**: Mr. Charmoli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and therefore denies them.

22. Debtor did not disclose that he was engaged in criminal and unethical activity during the negotiation process for the sale of the Practice.

**ANSWER**: Mr. Charmoli admits that in connection with Jackson Family Dentistry's sale to the Plaintiffs, he did not disclose any criminal or unethical activity to the Plaintiffs. Mr. Charmoli denies that he was engaged in criminal or unethical activity that required disclosure. Mr. Charmoli denies the remaining allegations contained in paragraph 22.

23. It is Plaintiffs' position that as a result of Debtor's criminal behavior, the Practice was substantially over-valued, and as a result, Plaintiffs drastically overpaid for the Practice.

**ANSWER**: Mr. Charmoli admits that it is the Plaintiffs' position that as a result of the Debtors' criminal behavior, the Practice was substantially over-valued, and as a result, Plaintiffs drastically overpaid for the Practice. Mr. Charmoli denies the Practice was substantially over-valued and affirmatively asserts that the Plaintiffs have not made payments in accordance with the Asset Purchase Agreement, Promissory Note, and Guaranty Agreement.

24. Plaintiffs' have refused payment on the promissory note and Debtor sued for breach of contract. (Washington County, Wisconsin Case No. 19CV624).

**ANSWER**: Mr. Charmoli admits that Plaintiffs have defaulted on their obligations under the Asset Purchase Agreement, Promissory Note, and Guaranty Agreement. Mr. Charmoli affirmatively alleges that he and Jackson Family Dentistry, LLC commenced a lawsuit in Washington County, styled as *Jackson Family Dentistry, LLC v. Major Dental Partners, LLC* and numbered 2019CV624, which asserted various causes of action against Major Dental Partners, LLC, Pako Major, and Jackson Family Dental, LLC. Mr. Charmoli denies the remaining allegations contained in paragraph 24.

25. On March 13, 2020, Plaintiffs filed counterclaims against Debtor and Jackson Family Dentistry based upon numerous misrepresentations of the Debtor in connection with sale transaction, including breach of the Asset Purchase Agreement, breach of the implied covenant of good faith in the Asset Purchase Agreement, intentional misrepresentation in connection with the Note and the Employment Agreement, fraud in the inducement in connection with the Note, the parties' Guaranty Agreement, and the Employment Agreement, and theft by fraud in violation of Wis. Stats. §§895.446, 943.20(a)(d) and 943.395. (Attached hereto as Exhibit 1).

**ANSWER**: Mr. Charmoli admits that Plaintiffs filed in Washington County Case No. 2019CV624 five counterclaims against him and Jackson Family Dentistry, LLC. Mr. Charmoli further admits that the document attached to the complaint as Exhibit 1 is a true and correct copy of the "Defendants-Counterclaimants' Counterclaims against Plaintiffs" filed as document 11 in Washington County Case No. 2019CV624 (Mar. 13, 2020). Mr. Charmoli affirmatively alleges that the Plaintiffs have not proven the merits of their counterclaims and that he filed an answer denying the allegations made in the counterclaims. Mr. Charmoli denies the remaining allegations contained in paragraph 25.

26. On December 15, 2020, Debtor was indicted on ten felony offenses, alleging that Debtor engaged in a scheme to defraud his patients, as well as multiple health care benefit programs, in order to make more money for himself. (*United States of America v. Scott Charmoli,* Case No. 20-CF-242 (E.D. Wis. 2020)).[1]

**ANSWER**: Mr. Charmoli admits that on December 15, 2020, he was indicted on eight counts of health care fraud and two counts of making false statements relating to health care matters. Mr. Charmoli states that the indictment was filed in *United States v. Charmoli*, Case No. 20-CR-242 (E.D. Wis. 2020). Mr. Charmoli denies the remaining allegations contained in paragraph 26.

27. As part of the scheme, the indictment alleged that Debtor caused permanent disfigurement and serious bodily injury, Debtor falsely advised patients that they needed crowns for teeth that were not broken, Debtor often took an intraoral photograph or x-ray of the tooth and showed the patient a line or spot—one that was not a fracture—and told them it was a fracture that necessitated a crown, and once the patient agreed to the procedure, Debtor would intentionally break off a portion of the patient's tooth and take a photo of the damaged tooth to justify the crown to the insurer. *Id.* at ¶¶ 3-4.

---

[1] A copy of the indictment is attached hereto as Exhibit 2.

**ANSWER:** Mr. Charmoli admits that the document attached to the complaint as Exhibit 2 is a true and correct copy of the indictment filed against him.

**ANSWER**: Mr. Charmoli states that indictment speaks for itself and denies any allegations in paragraph 27 that are inconsistent with the indictment and any remaining allegations contained in paragraph 27.

28. By submitting a claim for coverage to the healthcare benefit program after intentionally damaging the patient's tooth, Debtor made false and fraudulent pretenses, representation, and promises related to a material fact: that the tooth at issue was damaged, in need of a crown, and eligible for crown coverage. *Id.* at ¶3j.

**ANSWER**: Mr. Charmoli states that indictment speaks for itself and denies any allegations in paragraph 28 that are inconsistent with the indictment and any remaining allegations contained in paragraph 28.

29. The charges against Debtor included eight counts of health care fraud, contrary to 18 U.S.C. § 1347, and two counts of false statements related to healthcare matters, contrary to 18 U.S.C. § 1035(a)(2). *Id.* ¶¶ 8-9.

**ANSWER**: Mr. Charmoli admits that he was indicted on eight counts of health care fraud and two counts of making false statements relating to health care matters. Mr. Charmoli states that indictment otherwise speaks for itself and denies any allegations in paragraph 29 that are inconsistent with the indictment and any remaining allegations contained in paragraph 29.

30. The health care fraud counts alleged that Debtor knowingly and willfully executed a scheme to defraud a health care benefit program by means of fraudulent pretenses, that he did so with the intent to defraud, and that his scheme involved the delivery of health care services. *Id.* at ¶8.

**ANSWER**: Mr. Charmoli states that indictment speaks for itself and denies any allegations in paragraph 30 that are inconsistent with the indictment and any remaining allegations contained in paragraph 30.

31. The charges of false statements related to healthcare matters alleged that Debtor knowingly and willfully made a materially false, fictitious, or fraudulent representation, specifically asserting that a patient's tooth needed a crown because the tooth met the applicable criteria for insurance coverage when, in fact, Debtor damaged the tooth intentionally, in connection with the delivery and payment for health care benefits. *Id.* at ¶9.

**ANSWER**: Mr. Charmoli states that indictment speaks for itself and denies any allegations in paragraph 31 that are inconsistent with the indictment and any remaining allegations contained in paragraph 31.

32. On March 10, 2022, after a four-day jury trial, Debtor was found guilty of seven counts and was ultimately sentenced to 54 months in prison. (Judgment of Conviction attached as Exhibit 3).

**ANSWER**: Mr. Charmoli admits that he was found guilty of five counts of health care fraud and two counts of making false statements relating to health care matters and not guilty of two counts of making false statements relating to health care matters. Mr. Charmoli asserts that one count of health care fraud was dismissed before trial. Mr. Charmoli further admits that Judge Adelman sentenced him to fifty-four months' imprisonment. Mr. Charmoli further admits that the document attached as Exhibit 3 is a true and correct copy of the Judgment in a Criminal Case filed as ECF No. 115 in Case No. 20-CR-242 (E.D. Wis. July 18, 2022). Mr. Charmoli denies the remaining allegations contained in paragraph 32.

33. Shortly thereafter, the government moved for a preliminary order of forfeiture in the amount of $1,043,229.31.

**ANSWER**: Mr. Charmoli admits that on April 15, 2022, the United States moved for a preliminary order of forfeiture in the amount of $1,043,229.31. Mr. Charmoli denies the remaining allegations contained in paragraph 33.

34. The Eastern District of Wisconsin, the Honorable Lynn Adelman, presiding, made findings of fact and granted the government's motion for forfeiture in the amount of $1,043,229.31 for the fraudulent scheme. (Decision and Order on Forfeiture, attached as Exhibit 4).

**ANSWER**: Mr. Charmoli admits that on June 13, 2022, Judge Adelman entered a Decision and Order. Mr. Charmoli further admits that the document attached as Exhibit 4 is a true and correct copy of the Decision and Order filed as ECF No. 104 in Case No. 20-CR-242 (E.D. Wis. June 13, 2022). Mr. Charmoli states that the Decision and Order speaks for itself and

denies any allegations contained in paragraph 34 that are inconsistent with the Decision and Order and any remaining allegations contained in paragraph 34.

35. The government presented evidence that Debtor's rate of crown procedures increased by 41% during the fraudulent scheme, and the court agreed with the figure in spite of Debtor's challenges to the government's method of calculating his fraudulent conduct. *Id.* at p. 11.

**ANSWER**: Mr. Charmoli states that the Decision and Order speaks for itself and denies any allegations contained in paragraph 35 that are inconsistent with the Decision and Order and any remaining allegations contained in paragraph 35.

36. The court held that it was appropriate to forfeit 41% of the proceeds Debtor received for crown procedures, which consisted of $948,890.97 of the $2,314,368.21 received between January 1, 2016 and December 31, 2018 and $94,338.36 of the $230,093.55 received between January 1, 2019 and August 7, 2019. *Id.* at pp. 2-3, 14.

**ANSWER**: Mr. Charmoli states that the Decision and Order speaks for itself and denies any allegations contained in paragraph 36 that are inconsistent with the Decision and Order and any remaining allegations contained in paragraph 36.

37. The 41% figure provided by the government was in line with Plaintiff Dr. Major's report, which found that at least 40% of the procedures conducted by Debtor in 2018 were unnecessary. *Id.* at p. 10.

**ANSWER**: Mr. Charmoli states that the Decision and Order speaks for itself and denies any allegations contained in paragraph 37 that are inconsistent with the Decision and Order and any remaining allegations contained in paragraph 37.

38. The court held that Plaintiff Dr. Major's report found "support in the trial testimony of Dr. Waliszewski."[2] *Id.*

---

[2] The government's expert witness, Dr. Waliszewski, reviewed 18 patient files and found that 54 teeth contained "a consistent pattern of intentional tooth destruction done to force more treatment." (*Id.* at pp. 8-9).

**ANSWER:** Mr. Charmoli states that the Decision and Order on Forfeiture speaks for itself and denies any allegations contained in footnote 2 that are inconsistent with the Decision and Order on Forfeiture. Mr. Charmoli denies the remaining allegations contained in footnote 2.

**ANSWER**: Mr. Charmoli states that the Decision and Order speaks for itself and denies any allegations contained in paragraph 38 that are inconsistent with the Decision and Order and any remaining allegations contained in paragraph 38.

39. Moreover, Debtor's own expert, Dr. Knoell, conceded during the trial that his assessment of Debtor's practices would have changed based on the method of crown preparation noted by Debtor's office staff after 2015. *Id.*

**ANSWER**: Mr. Charmoli states that the Decision and Order speaks for itself and denies any allegations contained in paragraph 39 that are inconsistent with the Decision and Order any remaining allegations contained in paragraph 39.

40. In addition, the government presented evidence provided by insurers that Debtor often submitted mid-treatment images which facilitated his fraudulent scheme because they allowed him to take photos of the tooth after he damaged it and pawn off the damage as pre-existing in order to justify unnecessary procedures. *Id.* at p.9.

**ANSWER**: Mr. Charmoli states that the Decision and Order speaks for itself and denies any allegations contained in paragraph 40 that are inconsistent with the Decision and Order and any remaining allegations contained in paragraph 40.

**COUNT I**
**Nondischargeability of Debt**
**Pursuant to 11 U.S.C. § 523(a)(2)(A)**

41. Plaintiffs reallege and incorporate by reference paragraphs 1 through 40 as though fully set forth herein.

**ANSWER**: Mr. Charmoli restates and incorporates by reference all of his answers and responses to paragraphs 1 through 40 as if fully set forth herein.

42. Pursuant to section 523(a)(2)(A) of the Bankruptcy Code, a discharge granted to an individual debtor under section 1192 of the Bankruptcy Code does not discharge that debtor from a debt arising from false pretenses, a false representation, or actual fraud.

**ANSWER**: The allegations in paragraph 42 are legal conclusions to which no response is required. To the extent a response is required, Mr. Charmoli admits that section 523(a)(2)(A) of

the Bankruptcy Code provides an exception to discharge for the specific reasons stated therein. Mr. Charmoli denies the remaining allegations contained in paragraph 42.

43. The Debtor is an individual.

**ANSWER**: Mr. Charmoli admits the allegations contained in paragraph 43.

44. The Debtor obtained money from Plaintiffs in connection with the Plaintiffs' purchase of the Practice.

**ANSWER**: Mr. Charmoli admits that he received funds through Jackson Family Dentistry, LLC in connection with the sale of Jackson Family Dentistry, LLC's assets to Major Dental Partners, LLC. Mr. Charmoli denies the remaining allegations contained in paragraph 44.

45. The Debtor obtained the money from Plaintiffs through false pretenses, false representation or actual fraud, as evidenced by, among other things:

**ANSWER**: Mr. Charmoli denies the allegations contained in paragraph 45.

(i) not disclosing that he was engaged in criminal and unethical activity during the negotiation process for the sale of the Practice;

**ANSWER**: Mr. Charmoli denies the allegations contained in paragraph 45(i).

(ii) as a result of Debtor's fraudulent and criminal behavior, the Practice was substantially over-valued, and as a result, Plaintiffs drastically overpaid for the Practice; and

**ANSWER**: Mr. Charmoli denies the allegations contained in paragraph 45(ii).

(iii) Debtor was ultimately convicted of the criminal conduct. (Exhibit 2).

**ANSWER**: Mr. Charmoli admits that he was found guilty of five counts of health care fraud and two counts of making false statements relating to health care matters and not guilty of two counts of making false statements relating to health care matters. Mr. Charmoli asserts that one count of health care fraud was dismissed before trial. Mr. Charmoli denies the remaining allegations contained in paragraph 45(iii).

46. Accordingly, the debt owing to Plaintiffs from the Debtor is nondischargeable pursuant to section 523(a)(2)(A) of the Bankruptcy Code.

**ANSWER**: The allegations contained in paragraph 46 do not state an allegation to which a response is required. To the extent a response is required, Mr. Charmoli denies the allegations contained in paragraph 46.

**COUNT II**
**Nondischargeability of Debt**
**Pursuant to 11 U.S.C. § 523(a)(2)(B)**

47. Plaintiffs reallege and incorporate by reference paragraphs 1 through 40 as though fully set forth herein.

**ANSWER**: Mr. Charmoli restates and incorporates by reference all of his answers and responses to paragraphs 1 through 40 as if fully set forth herein.

48. Pursuant to section 523(a)(2)(B) of the Bankruptcy Code, a discharge granted to an individual debtor under section 1192 of the Bankruptcy Code does not discharge that debtor from a debt:

> for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by use of a statement in writing –
>
> (i) that is materially false;
>
> (ii) respecting the debtor's or an insider's financial condition;
>
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
>
> (iv) that the debtor caused to be made or published with intent to deceive.

11 U.S.C. § 523(a)(2)(B).

**ANSWER**: The allegations in paragraph 48 are legal conclusions to which no response is required. To the extent a response is required, Mr. Charmoli admits that section 523(a)(2)(B) of the Bankruptcy Code provides an exception to discharge for the specific reasons stated therein. Mr. Charmoli denies the remaining allegations contained in paragraph 48.

49. The Debtor is an individual debtor.

**ANSWER**: Mr. Charmoli admits the allegations contained in paragraph 49.

50. The Debtor obtained money from Plaintiffs based upon the representations set forth in the sale documents. The statements in the sale documents include representations regarding the financial condition of the seller, Jackson Family Dentistry, LLC ("Jackson Family Dentistry"), including:

**ANSWER**: Mr. Charmoli denies the allegations contained in paragraph 50.

(i) Debtor and Jackson Family Dentistry (collectively, "Charmoli") represented in the Asset Purchase Agreement[3] the Practice's value at $2,300,000;

**ANSWER**: Mr. Charmoli states that the Asset Purchase Agreement speaks for itself and denies any allegations in paragraph 50(i) that are inconsistent with the Asset Purchase Agreement and any remaining allegations contained in paragraph 50(i).

(ii) Under Section 4.4 of the Asset Purchase Agreement, Charmoli represented that there were not insolvent

**ANSWER**: Mr. Charmoli states that the Asset Purchase Agreement speaks for itself and denies any allegations in paragraph 50(ii) that are inconsistent with the Asset Purchase Agreement and any remaining allegations contained in paragraph 50(ii).

(iii) Under Section 4.8 of the Asset Purchase Agreement, Charmoli represented and warranted that they had no knowledge of any fact or condition that would require a restatement of any of the financial statements provide to Plaintiffs prior to closing on the transaction;

**ANSWER**: Mr. Charmoli states that the Asset Purchase Agreement speaks for itself and denies any allegations in paragraph 50(iii) that are inconsistent with the Asset Purchase Agreement and any remaining allegations contained in paragraph 50(iii).

---

[3] A copy of the Asset Purchase Agreement is attached hereto as Exhibit 5.

**ANSWER:** Mr. Charmoli admits that the document attached to the complaint as Exhibit 5 is a true and correct copy of the asset purchase agreement between Jackson Family Dentistry, LLC and Major Dental Partners, LLC.

(iv) Under Section 4.8 of the Asset Purchase Agreement, Charmoli represented and warranted that the books, records and accounts of Jackson Family Dentistry had been maintained in accordance with sound business practices and fairly and accurately reflect the financial position of Jackson Family Dentistry and all transactions of Jackson Family Dentistry.

**ANSWER**: Mr. Charmoli states that the Asset Purchase Agreement speaks for itself and denies any allegations in paragraph 50(iv) that are inconsistent with the Asset Purchase Agreement and any remaining allegations contained in paragraph 50(iv).

(v) Under Section 4.8 of the Asset Purchase Agreement, Charmoli represented and warranted that Jackson Family Dentistry had no liabilities except for the liabilities reflected on its most recent financial statements that were provided to Plaintiffs, the Assumed Liabilities (as defined under the agreement), and ordinary course liabilities.

**ANSWER**: Mr. Charmoli states that the Asset Purchase Agreement speaks for itself and denies any allegations in paragraph 50(v) that are inconsistent with the Asset Purchase Agreement and any remaining allegations contained in paragraph 50(v).

(vi) Under Section 4.15 of the Asset Purchase Agreement, Charmoli represented that the Practice's accounts receivable represent valid obligations arising from services performed in the ordinary course of business and not subject to any counterclaims, setoffs or disputes.

**ANSWER**: Mr. Charmoli states that the Asset Purchase Agreement speaks for itself and denies any allegations in paragraph 50(vi) that are inconsistent with the Asset Purchase Agreement and any remaining allegations contained in paragraph 50(vi).

(vii) Under Section 4.18 of the Asset Purchase Agreement, Charmoli represented that no statement, representation, or warranty made by them contained any untrue statement of any fact or omitted a fact necessary to make the statements not misleading.

**ANSWER**: Mr. Charmoli states that the Asset Purchase Agreement speaks for itself and denies any allegations in paragraph 50(vii) that are inconsistent with the Asset Purchase Agreement and any remaining allegations contained in paragraph 50(vii).

51. The Asset Purchase Agreement is executed by the Debtor, both individually and in his capacity as the sole member of Jackson Family Dentistry.

**ANSWER**: Mr. Charmoli admits that he signed the Asset Purchase Agreement individually and as the sole member of Jackson Family Dentistry, LLC. Mr. Charmoli denies the remaining allegations contained in paragraph 51.

52. The statements regarding the financial condition of Jackson Family Dentistry are materially false as evidenced by Debtor's criminal conviction in Case No. 20-CF-242. (Exhibit 2).

**ANSWER**: Mr. Charmoli denies the allegations contained in paragraph 52.

53. Jackson Family Dentistry is wholly owned by the Debtor. Additionally, at all relevant times the Debtor was a director, officer, or person in control of Jackson Family Dentistry. Accordingly, Jackson Family Dentistry is an "insider" pursuant to 11 U.S.C. § 101(31).

**ANSWER**: Mr. Charmoli admits he owns 100% of Jackson Family Dentistry, LLC. Mr. Charmoli further admits that he was the sole member of Jackson Family Dentistry, LLC. The remaining allegations contained in paragraph 53 are legal conclusions to which no response is required. To the extent a response is required, Mr. Charmoli admits that 11 U.S.C. § 101(31) sets forth the Bankruptcy Code's definition of an insider and denies the remaining allegations contained in paragraph 53.

54. Plaintiffs reasonably relied upon the representations in the sale documents in connection with the purchase of the Practice.

**ANSWER**: Mr. Charmoli lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54, and therefore denies them.

55. The Debtor prepared the sale documents, or caused the sale documents to be prepared, with the intent to deceive Plaintiffs into paying money to the Debtor.

**ANSWER**: Mr. Charmoli denies the allegations contained in paragraph 55.

56. Accordingly, the debt owing to Plaintiffs from the Debtor is nondischargeable pursuant to section 523(a)(2)(B) of the Bankruptcy Code.

**ANSWER**: The allegations contained in paragraph 56 do not state an allegation to which a response is required. To the extent a response is required, Mr. Charmoli denies the allegations contained in paragraph 56.

**COUNT III**
**Nondischargeability of Debt**
**Pursuant to 11 U.S.C. § 523(a)(6)**

57. Plaintiffs reallege and incorporate by reference paragraphs 1 through 40 as though fully set forth herein.

**ANSWER**: Mr. Charmoli restates and incorporates by reference all of his answers and responses to paragraphs 1 through 40 as if fully set forth herein.

58. Pursuant to section 523(a)(6) of the Bankruptcy Code, a discharge granted to an individual debtor under section 1129 of the Bankruptcy Code does not discharge that debtor from a debt for willful and malicious injury by the debtor to another entity or to the property of another entity. 11 U.S.C. § 523(a)(6).

**ANSWER**: The allegations in paragraph 48 are legal conclusions to which no response is required. To the extent a response is required, Mr. Charmoli admits that section 523(a)(6) of the Bankruptcy Code provides an exception to discharge for the reasons stated therein. Mr. Charmoli denies the remaining allegations contained in paragraph 58.

59. The Debtor is an individual debtor.

**ANSWER**: Mr. Charmoli admits the allegations contained in paragraph 59.

60. As a direct result of the Debtor's intentional misrepresentations, the Plaintiffs executed the sale documents and paid certain amounts to the Debtor in connection with the sale of the Practice.

**ANSWER**: Mr. Charmoli denies the allegations contained in paragraph 60.

61. The Debtor's willful and malicious actions caused injury to Plaintiffs.

**ANSWER**: Mr. Charmoli denies the allegations contained in paragraph 61.

62. Accordingly, the debt owing to Plaintiffs from the Debtor is nondischargeable pursuant to section 523(a)(6) of the Bankruptcy Code.

**ANSWER**: The allegations contained in paragraph 62 do not state an allegation to which a response is required. To the extent a response is required, Mr. Charmoli denies the allegations contained in paragraph 62.

## Affirmative Defenses

As and for his affirmative defenses, Mr. Charmoli asserts that:

A. The Plaintiffs' claims for relief are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

B. The Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have not suffered any injury or harm as a result of any action, inaction, or conduct by Mr. Charmoli.

C. The Plaintiffs' claims are barred, in whole or in part, because even if the Plaintiffs have suffered any injury or harm as a result of any action, inaction, or conduct by Mr. Charmoli, the Plaintiffs have failed to mitigate their damages.

D. The Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs did not rely on any of the alleged false or misleading statements.

E. The Plaintiffs claims are barred, in whole or in part, because any of the alleged false or misleading statements were not material.

F. The Plaintiffs claims are barred, in whole or in part, by the doctrine of unclean hands.

G. The Plaintiffs claims are barred, in whole or in part, because the Plaintiffs' own negligence or intentional acts contributed directly and proximately to the Plaintiffs' alleged injuries and damages.

H. Mr. Charmoli reserves the right to assert additional defenses, including affirmative defenses, based upon further investigation and discovery.

WHEREFORE, Scott W. Charmoli respectfully requests that the Court enter an order (A) dismissing the complaint; (B) granting the Defendant costs, disbursements, and reasonable attorney fees; and (c) granting such other relief as the Court deems reasonable and necessary.

Dated: February 3, 2023.

STEINHILBER SWANSON LLP

By: s/Paul G. Swanson

Paul G. Swanson
Peter T. Nowak
Counsel for Scott W. Charmoli
107 Church Avenue
Oshkosh, WI 54901
Tel: (920) 235-6690; Fax: (920) 426-5530
pswanson@steinhilberswanson.com
pnowak@steinhilberswanson.com